# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE WARD,

                Plaintiff,

v.

Case No. 17-CV-1575-JPS

HOUSING AUTHORITY OF THE CITY OF MILWAUKEE,

**ORDER**

                Defendant.

On November 13, 2017, the plaintiff, Christine Ward ("Ward"), filed a complaint challenging a policy of the Housing Authority of the City of Milwaukee (the "Housing Authority") to summarily reject all applicants for public housing who have unpaid post-eviction money judgments pending against them. (Docket #2 at 1). This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. (Docket #1).

In order to allow a plaintiff to proceed without paying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, Ward avers in her motion that she is unemployed, unmarried, and has no assets. (Docket #1 at 1, 3-4). Her only income is social security payments, which total $9,600 annually (or $800 per month). *Id.* at 2. Ward's monthly expenses, detailed in her motion, total $862. *Id.* at 2-3. On these averments, the Court finds that Ward has demonstrated that she cannot pay the filing fee.

However, notwithstanding any filing fee, the Court must dismiss a complaint or portion thereof if it has raised claims that are legally "frivolous

or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).

According to Ward's complaint, she is an elderly black woman living in Milwaukee, Wisconsin. In 2005, she was evicted and judgment was entered against her in the amount of $540.98. (Docket #2 at 2). In 2016, Ward applied for public housing through the Housing Authority. *Id.* On June 7, 2016, the Housing Authority informed Ward that her application would be withdrawn unless she provided proof that she had satisfied the 2005 post-eviction judgment. *Id.* Because of her low income, Ward had not paid the judgment. *Id.*

Ward presumed that her application for public housing had been withdrawn and, therefore, denied. *Id.* at 3. She requested an informal hearing with the Housing Authority, but the Housing Authority declined to provide one, instead instructing Ward to reapply. *Id.* Ward reapplied. The Housing Authority again sent notice indicating that in order to complete her application, Ward was required to provide proof that she

satisfied the 2005 judgment. *Id.* Ward did not provide such proof. *Id.* The Housing Authority did not offer Ward public housing, a place on a waiting list, or an informal hearing. *Id.* Instead, the Housing Authority instructed Ward to again reapply because her application expired without all required verification. *Id.*

Based on these facts, Ward brings claims under the Due Process Clause of the Fourteenth Amendment and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-31. *Id.* at 3-7.

For her due process claim, Ward contends that applicants for public housing have a right to an individualized determination of eligibility, and that if the Housing Authority denies an application, the agency must provide the applicant with an opportunity to attend an informal hearing. *Id.* (citing 42 U.S.C. §§ 1437d(c)(3) and 24 C.F.R. § 960.208). Ward claims that by withdrawing her application based only on her failure to prove she had satisfied an outstanding post-eviction judgment, the Housing Authority denied Ward her "due process rights to have her application fully and fairly considered, an individualized determination of her suitability for public housing, and an informal hearing." *Id.* at 4.

For her FHA claim, Ward contends that the Housing Authority's policy regarding applicants with outstanding post-eviction judgments has a discriminatory impact on "protected classes" of people, including black people, women, and people with children. *Id.* at 4-7. Under the FHA, it is unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a); *see also Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507,

2525 (2015) (holding that "disparate-impact" claims are cognizable under the FHA). "[A] plaintiff bringing a disparate-impact claim challenges practices that have a 'disproportionately adverse effect on minorities' and are otherwise unjustified by a legitimate rationale." *Inclusive Communities Project, Inc.*, 135 S. Ct. at 2513 (citation omitted).

Ward's allegations, drafted with the aid of counsel, are detailed, describing the timeline of relevant events and connecting those facts to her claims. Given the exceedingly lenient standard of review applied at screening, the Court finds that Ward's claims are not frivolous. As a result, the Court will grant Ward leave to proceed *in forma pauperis*.

Finally, Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshal, or a person specially appointed by the court, if the plaintiff is authorized, as she is in this case, to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). Because Ward is represented by counsel, the Court will withhold ordering service at this time. If, after consulting with counsel, Ward wishes that service be effected by the U.S. Marshal, she may move the Court for an appropriate order.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #1) be and the same is hereby **GRANTED.**

Dated at Milwaukee, Wisconsin, this 21st day of December, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge